**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JESSICA AVARITT SHEFFIELD,**     ) | |
| ) | |
|     **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **CIVIL ACTION 06-0777-WS-B** |
| ) | |
| **CALFEE COMPANY OF DALTON,**     ) | |
| **INC.,**     ) | |
| ) | |
|     **Defendant.**     ) | |

**ORDER**

This action is before the Court on plaintiff Jessica Avaritt Sheffield's Motion to Remand (doc. 3). The Court-imposed deadlines for briefing this issue having expired, the Motion is ripe for disposition at this time.[1]

**I.     Background.**

On or about October 5, 2006, plaintiff Jessica Avaritt Sheffield filed a Complaint in the Circuit Court of Mobile County, Alabama, alleging state-law claims for negligence and wantonness against defendant Calfee Company of Dalton, Inc., d/b/a Favorite Markets / Compac Food Stores ("Calfee") and several fictitious defendants. According to the well-pleaded allegations of the Complaint, this action arises from an incident in which Sheffield slipped and fell in a puddle near a leaking ice machine at Calfee's place of business in Mobile, Alabama. Plaintiff alleges that Calfee knew the ice machine was defective and leaking, and that it breached its duty to maintain its premises in reasonably safe condition for Sheffield, a business invitee. The Complaint maintains that as a result of Calfee's

---

[1]     On December 7, 2006, the undersigned entered an Order (doc. 4) providing that defendant's opposition to the Motion to Remand must be filed on or before December 20, 2006, with any replies due on or before December 29, 2006. Defendant elected not to file any opposition brief, and thereby waived its right to be heard in response to the arguments presented by plaintiff in the Motion and its incorporated brief.

malfeasance, Sheffield sustained "[p]hysical injuries and was made sick, lame, sore, bruised and contused"; and incurred medical expenses, physical pain and suffering, and mental anguish.  None of these claimed damages are quantified in the Complaint, which provides no information as to the nature and extent of plaintiff's injuries or the dollar value associated with same.

On November 14, 2006, Calfee filed a Notice of Removal (doc. 1) in this District Court, stating that it was removing this action from Mobile County Circuit Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.  To support its invocation of diversity jurisdiction, Calfee asserted that Sheffield is an Alabama citizen, that Calfee is a Georgia citizen, and that "[t]he matters and controversy between Plaintiff and Movant exceed the sum of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs."  (Notice of Removal, ¶ 4.)  The Notice of Removal is silent as to the basis of that conclusory assertion concerning the amount in controversy.

On December 6, 2006, Sheffield filed a Motion to Remand this action to state court on the grounds that § 1332 jurisdiction was improper because the amount in controversy requirement was not satisfied.  Despite being given a full and fair opportunity to respond, Calfee elected not to rebut plaintiff's contentions with any facts or argument tending to establish that the requisite jurisdictional threshold is satisfied here.

## II.     Analysis.

Federal courts have limited jurisdiction.  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  *Id.*; *see Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000) (to qualify for diversity jurisdiction, complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000"); *State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Center Corp.*, 393 F. Supp.2d 1317, 1323 (M.D. Fla. 2005) (diversity jurisdiction requires plaintiff to establish that good-faith estimated value of claims exceeds statutorily required amount).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine

their own jurisdiction to the precise limits which the statute has defined." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

To satisfy § 1332, mere diversity of the parties is not sufficient; rather, "the court is obligated to assure itself that the case involves the requisite amount in controversy." *Morrison*, 228 F.3d at 1261. Where, as here, federal diversity jurisdiction is founded on a claim for indeterminate damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."); *Williams v. Conseco, Inc.*, 57 F. Supp.2d 1311, 1317 (S.D. Ala. 1999) (similar).

Unfortunately, Calfee has made no effort to shoulder this burden of proof.  Indeed, Calfee has never articulated any reasoning or theory for its belief that the amount in controversy in this action exceeds $75,000, much less proffered any evidence tending to support such reasoning.  The Court can only guess as to what Calfee's logic might have been for arguing that the jurisdictional threshold is satisfied.  For that reason, the Court readily concludes that defendant, the party invoking federal jurisdiction, has utterly failed to satisfy its burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.

**III.   Conclusion.**

For all of the foregoing reasons, plaintiff's Motion to Remand (doc. 3) is **granted**.  Because subject matter jurisdiction is lacking, this action is hereby **remanded** to the Circuit Court of Mobile County, Alabama pursuant to 28 U.S.C. § 1447(c), for further proceedings.

DONE and ORDERED this 16th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-3-